UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EWIN OSCAR MARTINEZ, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 2:23-cv-00308-JPH-MJD |
| STEVEN KALLIS, | ) ) ) |
| Respondent. | ) ) |

**ORDER FOR PETITIONER TO SHOW CAUSE**

Petitioner Ewin Martinez, who is incarcerated at the United States Penitentiary in Terre Haute, Indiana, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his convictions for hostage taking, conspiracy to commit hostage taking, carjacking, conspiracy to commit carjacking, and using and carrying a firearm during a crime of violence in the Southern District of Florida. Dkt. 1. He also filed a "Motion for Relief Under Actual Factual Innocence Pursuant to 28 U.S.C. Section 2241, Habeas Corpus," dkt. 2, which the Court construes as a memorandum in support of his § 2241 petition. But a recent Supreme Court decision, *Jones v. Hendrix*, appears to foreclose the Court from granting Martinez's petition. He is therefore ordered to show cause why his petition should not be dismissed.

### I. Screening of the Petition

The § 2241 petition is subject to preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules*

1

*Governing § 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4.

## II.  Discussion

Martinez filed his § 2241 petition on June 22, 2023. That same day, the Supreme Court decided *Jones v. Hendrix*, 599 U.S. __, __ S. Ct. __, No. 21-857, 2023 WL 4110233 (June 22, 2023). *Jones* forecloses challenges under § 2241 based on a new Supreme Court case interpreting the statute under which the petitioner was convicted or sentenced. *Id.*

Martinez previously filed a motion to vacate his sentence under 28 U.S.C. § 2255 in his court of conviction. *Martinez v. United States*, No. 1:02-cv-23561-JAL ("S.D. Fla. Dkt."), dkt. 1. That motion was denied on the merits. S.D. Fla. Dkts. 40 (report and recommendation), 63 (order adopting report and recommendation). Both the district court and the Eleventh Circuit denied a certificate of appealability. S.D. Fla. Dkts. 65, 73. Martinez thereafter filed multiple successive § 2255 motions, all of which were dismissed as unauthorized. *See Martinez v. United States*, 853 F. App'x 416, 417 (11th Cir. 2021). Eventually, after receiving permission from the Eleventh Circuit, Martinez filed another § 2255 motion based on *United States v. Davis*, 139 S. Ct. 2319 (2019). The motion was denied, and the Eleventh Circuit affirmed. The court concluded that Martinez procedurally defaulted his *Davis* argument and that he could not get around that default because he could not show cause for the default and actual prejudice, or actual innocence. *Id.* at 417–19. It also concluded that, even if he had not procedurally defaulted the *Davis* claim,

any error by the trial court was harmless. The court also rejected his argument that the Hostage Taking Act violated the Tenth Amendment to the U.S. Constitution because it was outside the scope of its order authorizing a successive § 2255 motion. *Id.*

Undeterred, Martinez has filed a § 2241 petition in this Court. He raises three claims: (1) his convictions for carjacking and conspiracy to commit carjacking must be set aside because he is factually innocent of carjacking; (2) his convictions for hostage taking and conspiracy to commit hostage taking must be set aside because he is factually innocent of those offenses and because the Hostage Taking Act violates the Tenth Amendment; and (3) his conviction for using and carrying a firearm in connection with a crime of violence must be set aside because there was no predicate "crime of violence" to support his conviction. Dkt. 2. His petition does not rely on any new precedent or newly discovered evidence. Indeed, he acknowledges that he raised most, if not all, of these issues in other proceedings. *Id.* at 5 (Issue 1: "Most recently, Petitioner was authorized by the Eleventh Circuit to file a second or successive 2255 motion . . . through which Petitioner renewed the foregoing issues of innocence . . . The Supreme Court denied certiorari."); *id.* at 9–10 (Issue 2: "[T]he Court of Appeals considered Petitioner's direct appeal which included a claim regarding the constitutionality of the HTA."); *id.* at 18 (Issue 3: "Most recently Petitioner had reopened his cause under Davis, 139 S.Ct. supra, asking to Judge Lenard to correct her error in denying Petitioner's Rule 29 motion for acquittal."). Instead, his petition and supporting memorandum consist mostly of criticisms of earlier

3

court decisions, most crucially his argument that the other courts got it wrong—he is actually innocent of his crimes of conviction and, thus, he didn't procedurally default his claims.

Although Martinez attempts to proceed under § 2241, the provisions of 28 U.S.C. § 2255 also apply to his case. Section 2255 provides in relevant part:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> \*\*\*
>
> (e) An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
>
> \*\*\*
>
> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, who would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Subsection (e) is commonly referred to as the "saving clause."

Martinez seeks to take advantage of the saving clause, asserting that his § 2255 remedy was inadequate or ineffective to test the legality of his detention because the Southern District of Florida and the Eleventh Circuit erred in their consideration of his § 2255 motions, dkt. 1 at 5, and being convicted of crimes of which he is actually innocent is an "extraordinary case of . . . fundamental miscarriage of justice," dkt. 2 at 19.

The Seventh Circuit has previously held that actual innocence qualifies as a fundamental error or miscarriage of justice that can be corrected in a § 2241 proceeding. *See, e.g.*, *Roberts v. LeJeune*, 43 F.4th 695, 700 (7th Cir. 2022). But that was only true when the petitioner was relying on a new, retroactive case of statutory interpretation that he could not have invoked in his first § 2255 motion. *Id.* Martinez's current petition does not rely on such a case. And even if he did rely on such a case, his petition would need to be dismissed under the Supreme Court's recent decision in *Jones v. Hendrix*, 599 U.S. __, __ S. Ct. __, No. 21-857, 2023 WL 4110233 (June 22, 2023).

In *Jones*, the petitioner filed a § 2241 petition challenging his sentence based on a new Supreme Court case interpreting his statute of conviction. 2023 WL 4110233, at *4. He had previously filed a § 2255 motion and had that motion adjudicated on the merits. *Id.* He argued that he could pursue a new challenge to his sentence in a § 2241 petition because, before the new Supreme Court case was issued, his position was foreclosed by binding circuit precedent, meaning that his § 2255 remedy had been "inadequate or ineffective" to test the legality of

his sentence. *Id.* The U.S. Supreme Court affirmed the district court's dismissal of his § 2241 petition for lack of jurisdiction, explaining:

> [T]he saving clause does not authorize . . . an end-run around [§ 2255(h)]. In § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255 is that a second or successive or collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.

*Id.* at *7 (expressly overruling Seventh Circuit's application of the saving clause in *In re Davenport*, 147 F.3d 605, 609–611 (7th Cir. 1998)).

In this case, Martinez is challenging his convictions, but he has already filed two § 2255 motions that were determined on the merits. Although the facts of *Jones* are slightly different, the rationale of that case reflects that he cannot launch another collateral attack on his convictions unless that attack fits within the parameters of § 2255(h). That is, the fact that he claims to be actually innocent of his crimes of conviction no longer opens the door to potential relief under § 2241. *Id.* at *9 ("Congress has chosen finality over error correction . . . ."). Martinez's claims do not fall within § 2255(h), and—even if they did—his remedy would be to receive permission from the Eleventh Circuit to file another successive § 2255 motion and then have that motion adjudicated in his court of conviction—not proceed with a § 2241 petition in this Court. *See* 28 U.S.C. § 2255(a), (h).

Accordingly, on or before **August 4, 2023,** Martinez shall show cause why his § 2241 petition and his "Motion for Relief Under Actual Factual Innocence

Pursuant to 28 U.S.C. Section 2241, Habeas Corpus," dkt. 2, should not be dismissed for lack of jurisdiction for the reasons set forth above.

**SO ORDERED.**

Date: 7/14/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

EWIN OSCAR MARTINEZ
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808